UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| JEANNE S. DILORETO | : | |
| Debtor | : | Bankruptcy No. 07-15413bf |

.................................................

MEMORANDUM

.................................................

Eric DiNallo, Superintendent of Insurance of the State of New York in his capacity as liquidator of Nassau Insurance Co., filed an involuntary bankruptcy petition. In response to this petition, the putative debtor, Mrs. Jeanne S. Diloreto, filed a motion to dismiss as well as a separate motion to transfer venue. The petitioning creditor filed answers in opposition thereto, and an evidentiary hearing was held.[1]

I initially consider Mrs. Diloreto's request for dismissal based upon her purported ineligibility for bankruptcy relief and due to a lack of personal jurisdiction. If dismissal is denied, and as Mrs. Diloreto concedes that venue in this district is proper under 28 U.S.C. § 1408, I will then consider whether to transfer venue under 28 U.S.C. § 1412. See generally Winston v. Martinair, Inc., 2007 WL 684113, at *5 (N.D. Ill. 2007); BAB Systems, Inc. v. Pilatus Inv. Group, Inc., 2007 WL 328877 (N.D. Ill. 2007); Southard v. D'Amelio, 2006 WL 3453190 (W.D.N.C. 2006).

---

[1]At the parties' request, I delayed ruling on these motions to afford them an opportunity to resolve their differences via mediation. Apparently, they were unable to do so.

I.

The first basis for which dismissal is sought concerns 11 U.S.C. § 109. Mrs. Diloreto maintains that she is not eligible to be an involuntary chapter 7 debtor because she has not met the requirements of section 109(h): viz., she has not undergone prepetition credit counseling. See Ex. J-1 (Stipulation, ¶ 1). Although Mrs. Diloreto perhaps recognizes that her argument—contending that there is a prepetition credit counseling requirement even in an involuntary case involving an individual—is less than intuitive, she nevertheless asserts that Congress intended that no individual is eligible for chapter 7 relief who has not undergone the requisite counseling, even those who are the subject of an involuntary petition.

Mrs. Diloreto's contention was quickly rejected by one bankruptcy court as inconsistent with the purpose of the credit counseling requirement:

> Oberle argues that the mandatory credit counseling provisions of § 109(h) apply to him, and that since he did not take the required credit counseling prior to the petition being filed, he does not qualify as a debtor and the case should be dismissed. The court rejects Oberle's argument that § 109(h) applies to involuntary debtors. To hold otherwise would totally obliterate the provisions of the Bankruptcy Code providing for involuntary bankruptcy relief against individual debtors.

In re Oberle, 2006 WL 3949174, at *1 (Bankr. N.D. Cal. 2006).

Moreover, the express language of section 109(h)(1) makes clear that the credit counseling requirement applies only to voluntary petitions. The subsection provides in relevant part:

> [A]n individual may not be a debtor under this title unless such individual has, during the 180-day period preceding the date of filing of the petition by such individual, received from

> an approved nonprofit budget and credit counseling agency described in section 111(a) an individual or group briefing . . . .

(emphasis added); accord In re Allen, 2007 WL 3355648, at *1 (Bankr. N.D. Tex. 2007):

> Based on the plain meaning of section 109(h)(1), the court holds that the credit-counseling requirement pertains only to an individual who is the subject of a voluntary bankruptcy case. The statutory language of section 109(h)(1) requires that the credit counseling occur before "the filing of the petition *by such individual*." § 109(h)(1) (emphasis added). As a result, the proper construction of the statute is that the credit-counseling requirement applies only when the debtor is the party filing the bankruptcy petition.

See also Deller & Meriwether, Putting Order to The Madness: BAPCPA and the Contours of the New Prebankruptcy Credit Counseling Requirements, 16 J. Bankr. L. & Prac. 1 Art. 5, n.72 (Feb. 2007).

Accordingly, Mrs. Diloreto's motion to dismiss this involuntary petition based upon section 109(h) is denied.

II.

In addition to ineligibility, Mrs. Diloreto complains that the involuntary petition was not properly served upon her, thus depriving this court of personal jurisdiction over her.

The involuntary petition was filed on September 17, 2007, along with an emergency motion for the appointment of a trustee pursuant to 11 U.S.C. § 303(g). The clerk of court issued a summons in accordance with Fed. R. Bankr. P. 1010 on September 18, 2007. The parties agree that the petitioning creditor sent a copy of the involuntary

petition and motion for appointment of a trustee to Mrs. Diloreto at her home in Malvern, Pennsylvania via Federal Express on September 18, 2007. He then sent a copy of the summons via first class and certified mail to the putative debtor in Malvern on September 19, 2007.

Bankruptcy Rule 1010 details the procedure for service of an involuntary petition:

> The summons shall be served with a copy of the petition in the manner provided for service of a summons and complaint by Rule 7004(a) or (b). If service cannot be so made, the court may order that the summons and petition be served by mailing copies to the party's last known address, and by at least one publication in a manner and form directed by the court. The summons and petition may be served on the party anywhere. Rule 7004(e) and Rule 4(l) F.R. Civ. P. apply when service is made or attempted under this rule.

Fed. R. Bankr. P. 7004(a)(1) states:

> (a) <u>Summons; service; proof of service</u>
>
> (1) Except as provided in Rule 7004(a)(2), Rule 4(a), (b), (c)(1), (d)(1), (e)-(j), (l), and (m) F.R. Civ. P. applies in adversary proceedings. Personal service under Rule 4(e)-(j) F.R. Civ. P. may be made by any person at least 18 years of age who is not a party, and the summons may be delivered by the clerk to any such person.

Rule 7004(b) provides in relevant part:

> (b) <u>Service by first class mail</u>
>
> Except as provided in subdivision (h), in addition to the methods of service authorized by Rule 4(e)--(j) F.R. Civ. P., service may be made within the United States by first class mail postage prepaid as follows:
>
>> (1) Upon an individual other than an infant or incompetent, by mailing a copy of the summons and complaint to the individual's dwelling house or usual place of abode or to the place

> where the individual regularly conducts a business or profession.

Mrs. Diloreto complains that the petitioning creditor's method of service was improper in three respects: "[T]he Liquidator transmitted to Jeanne, *separately*, the Summons and the Involuntary Petition; the Summons and Involuntary Petition were not personally served on Jeanne; and the Involuntary Petition was not transmitted to Jeanne via first class mail." Diloreto Memorandum, at 8.

There is no dispute that the involuntary bankruptcy petition was served upon Mrs. Diloreto by Federal Express sent on September 18, 2007 and that the summons was sent by first class mail and certified mail on September 19, 2007. Moreover, Mrs. Diloreto swore that neither the involuntary petition nor summons was served upon her personally. Thus, the petitioning creditor concedes that personal service under Rule 7004(a) was not obtained.[2]

In asserting that service of the involuntary petition was defective, Mrs. Diloreto concedes that she received notice of the petition and of the summons. She does not argue that service via Federal Express is unconstitutional.[3] Nevertheless, she accurately observes:

> Although notice underpins Federal Rule of Civil Procedure 4 concerning service, notice cannot by itself validate an otherwise defective service. Proper service is still a prerequisite to personal jurisdiction. Inquiry into the

---

[2]There is no evidence that the delivery was made in person, that Mrs. Diloreto signed for the delivery, or that the petitioner attached a receipt to a certificate of service.

[3]Due process requires notice reasonably calculated to inform. See, e.g., Tulsa Professional Collection Services, Inc. v. Pope, 485 U.S. 478, 490 (1988); Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 314-15 (1950); In re Vincze, 230 F.3d 297, 299 (7th Cir. 2000).

> propriety of service is separate from, and in addition to, the due process concerns present in an inquiry into the notice itself.

Grand Entertainment Group, Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir. 1993); accord, e.g., Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir. 1996); Lin v. Pennsylvania Machine Works, Inc., 1998 WL 111788, at *3 (E.D. Pa. 1998):

> The rules of service are designed to insure that a defendant has proper notice of a lawsuit. The Court of Appeals has made it quite clear that "notice cannot by itself validate an otherwise defective service." Ayres v. Jacobs & Crumplar, P.A., 99 F.3d 565, 568 (3d Cir.1996), quoting Grand Entertainment Group Ltd. v. Star Media Sales, Inc., 988 F.2d 476, 492 (3d Cir.1993). We are bound by the rules of service, no matter how technical they may seem. Without proper service, the court does not obtain personal jurisdiction over a defendant, and the case may not proceed to judgment.

Thus, I must consider whether the service requirements of Rule 7004(b) have been met.

The fact that the summons and involuntary petition were not served simultaneously is not a fatal defect under Rule 7004. Rule 7004(e) allows for service to be made by a replacement summons, thus implicitly approving a lack of simultaneous service. As noted by one bankruptcy court:

> Although Rule 4(d) of the Federal Rules of Civil Procedure (applicable by Bankruptcy Rule 7004(a)) provides that the summons and complaint shall be served together, the failure to provide simultaneous service is not fatal in every instance. Rule 7004(f)[4] provides that if a summons is not timely delivered or mailed, another summons may be issued which suggests that lack of simultaneous service is not de facto fatal to jurisdiction. Nevertheless, plaintiffs are required to use diligence in making service of process, and courts will dismiss an action where there is substantial delay between the filing of the complaint and service of the summons.

---

[4]Current Rule 7004(e) was formerly Rule 7004(f).

In re Horob, 54 B.R. 693, 696 (Bankr. D.N.D. 1985); see In re Betts, 142 B.R. 819, 825 (Bankr. N.D. Ill. 1992) (same). Serving the summons one day after service of the involuntary petition thus complies with Rule 7004.

More problematic, however, is the petitioning creditor's use of Federal Express to serve the involuntary petition, rather than first class mail. Service under Rule 7004(b) is to be made by "first class mail postage prepaid."

In Audio Enterprises, Inc. v. B & W Loudspeakers of America, 957 F.2d 406, 409 (7th Cir. 1992), the Seventh Circuit Court of Appeals rejected, for purposes of personal jurisdiction, that service by Federal Express constituted service by "first class mail, postage prepaid" under Fed. R. Civ. P. 4(c)(2)(C)(ii) (as the procedural rule then read). This decision was consistent with Prince v. Poulos, 876 F.2d 30, 32 n. 1 (5th Cir. 1989), wherein the Fifth Circuit concluded that service using Federal Express did not comply with the mailing requirement of Fed. R. App. P. 25(a). The Prince decision explained that the term "mail" was intended to denote delivery by a "public authority" and Federal Express is a private entity. Id. Then, in Magnuson v. Video Yesteryear, 85 F.3d 1424, 1431 (9th Cir. 1996), the Ninth Circuit reached a similar conclusion when applying the service requirements of Fed. R. Civ. P. 5(b).

The few non-appellate federal courts to consider this issue have also rejected Federal Express delivery as constituting service by mail. See Kissel v. DiMartino, 1993 WL 289430, at *10 n.2 (E.D. N.Y. 1993); see also Kim v. United States, 461 F. Supp. 2d 34, 40 n.5 (D.D.C. 2006) (delivery by Federal Express is not the same as certified or registered mail under Rule 4(i)); cf. Cachet Residential Builders, Inc. v. Gemini Insurance Co., 2007 WL 4357751 (D. Ariz. 2007) (relying in part upon federal

court decisions, holds that "[s]ince Federal Express is not an office or station of a governmental postal system, it cannot be utilized for service under [Arizona] Rule 4.2(c)."). Even Matter of Reserves Development Corp., 78 B.R. 951, 959 (W.D. Mo. 1986), which, in dicta, upheld the validity of plaintiff's service under Rule 7004(b) by Federal Express, noted that it was "technically defective." Id.[5]

The Ninth Circuit reasoned in Magnuson that when Fed. R. Civ. P. 5 was adopted in 1937, the modern private overnight delivery services did not exist. Thus, the requirement of mailing, in the various federal procedural rules that use the term, was intended to refer to the governmental postal entity and should be so consistently construed. Id., 85 F.3d at 1430-31. As the Federal Rules of Bankruptcy Procedure adopt the Federal Rules of Civil Procedure in many instances, the drafters of those bankruptcy rules probably intended the same meaning.

Given the various private delivery services now available, the numerous digital and non-digital methods of written communication commonly used, and the present electronic case filing system now used in federal courts, one may debate the wisdom of limiting valid service under Rule 7004 to first class mail. Rule 7004, however, was enacted pursuant to the Bankruptcy Rules Enabling Act, 28 U.S.C. § 2075, and thus

---

[5]The defendants had first been served by first class mail postage prepaid, and the second attempt at service was by Federal Express delivery. The district court upheld the first service attempt and then considered the second "[e]ven if the first notice by first class mail was not effective."

promulgated by the Supreme Court and authorized by Congress. If change is warranted, it will have to come through modification to that national rule.[6]

Accordingly, the petitioning creditor here did not comply with the service requirements of Rule 7004 when Federal Express delivered the involuntary petition to the putative debtor. See generally Ayres v. Jacobs & Crumplar, P.A., 99 F.3d at 570:

> [W]e hold that a summons not issued and signed by the Clerk with the seal of the court affixed thereto fails to confer personal jurisdiction over a defendant even if properly served. We further hold that a summons when properly issued is not effective in conferring personal jurisdiction upon a partnership or individual if it is not served in accordance with Rule 4 of the Federal Rules of Civil Procedure unless service has been effectively waived.

III.

The final issue is one of waiver. The Superintendent contends that Mrs. Diloreto waived any service defect by not raising this issue in the first two motions she filed. The first motion sought recusal under 28 U.S.C. § 455(a) and Fed. R. Bankr. P. 5004(a); the second requested abstention under 11 U.S.C. § 305. Fed. R. Bankr. P.

---

[6]The Superintendent relies heavily upon In re Paolino, 49 B.R. 834 (Bankr. E.D. Pa. 1985), which quoted Rovinski v. Rowe, 131 F.2d 687, 689 (6th Cir. 1942) that "Civil Procedure Rule 4(d)(1) should be construed liberally, to effectuate service where actual notice of suit has been received by the defendant." The service issue in Paolino and Rovinski, however, was the location upon which the defendant was served and not the method. For example, in Paolino, the wife-debtor was served at a medical center operated by her husband. Rule 7004(b)(1) permitted service at a "dwelling house," "usual place of abode" or location where the individual "regularly conducts his business or profession." In re Paolino, 49 B.R. at 835. The bankruptcy court noted sufficient evidence of Mrs. Paolino's involvement with the medical center, see id., that service at that location was upheld. Id., at 836. This decision does not authorize non-personal service by a private delivery service.

1011(b) permits a putative debtor to raises defenses and objections as provided by Fed. R. Civ. P. 12. Rule 12(g) and (h), at the time Mrs. Diloreto filed her motions to recuse and abstain, provided:

> (g) Consolidation of Defenses in Motion. A party who makes a motion under this rule may join with it any other motions herein provided for and then available to him. If a party makes a motion under this rule but omits therefrom any defense or objection then available to him which this rule permits to be raised by motion, he shall not thereafter make a motion based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.
>
> (h) Waiver or Preservation of Certain Defenses.
>
> (1) A defense of lack of jurisdiction over the person, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), or (B) if it is neither made by motion under this rule nor included in a responsive pleading or an amendment thereof permitted by Rule 15(a) to be made as a matter of course.[7]

---

[7]Effective December 1, 2007, Rule 12(g) and (h) were amended to read as follows:

> (g) Joining Motions.
>
> (1) Right to Join. A motion under this rule may be joined with any other motion allowed by this rule.
>
> (2) Limitation on Further Motions. Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion.
>
> (h) Waiving and Preserving Certain Defenses.
>
> (1) When Some Are Waived. A party waives any defense listed in Rule 12(b)(2)-(5) by:

(continued...)

In Myers v. American Dental Association, V.I., 695 F.2d 716, 720 (3d Cir. 1983), the Third Circuit Court of Appeals concluded that a defendant who filed a motion to dismiss due to improper venue waived a later assertion of lack of personal jurisdiction:

> The aim of Rule 12 "is to afford an easy method for the presentation of defenses but at the same time prevent their use for purposes of delay." 2A J. Lucas & J. Moore, Moore's Federal Practice ¶ 12.02, at 2225 (2d ed. 1982). To effectuate that goal, Rule 12(g) requires a party who raises a defense by motion prior to answer to raise all such possible defenses in a single motion. They cannot be raised in a second, pre-answer motion. Rule 12(h) imposes a higher sanction with respect to the failure to raise the specific defenses of lack of personal jurisdiction, improper venue, insufficiency of process, and insufficiency of service of process. If a party files a pre-answer motion but fails to raise one of the defenses enumerated above, the party waives the omitted defense and cannot subsequently raise it in his answer or otherwise. 2A J. Lucas & J. Moore, supra, ¶ 12.23.

However, the waiver of certain defenses enumerated in Rule 12(h) and the requirement of consolidation under Rule 12(g) is limited to those defenses that could be raised under Rule 12(b):

---

[7](...continued)

> (A) omitting it from a motion in the circumstances described in Rule 12(g)(2); or
>
> (B) failing to either:
>
> (i) make it by motion under this rule; or
>
> (ii) include it in a responsive pleading or in an amendment allowed by Rule 15(a)(1) as a matter of course.

The Committee comment to the 2007 amendment states that the "changes are intended to by stylistic only." 2007 Revised Edition, Federal Rules of Civil Procedure, at 106 (West, 2007).

> The meaning of subdivision (g) is clear. If a party seeks dismissal in a pretrial motion based on any of the defenses set out in Rule 12(b), he must include in such motion any other defense or objection then available which Rule 12 permits to be raised by motion. If the party omits such defense or objection, Rule 12(g) precludes him from making a further motion seeking dismissal based on the omitted defense or objection.

Albany Ins. Co. v. Almacenadora Somex, S.A., 5 F.3d 907, 909 (5th Cir. 1993); Coquillette, et al., 2 Moore's Federal Practice, § 12.21, at 12-24 to 12-25 (3d ed. 2007).[8]

Rule 12(g) calls for consolidation only of those defenses that may be raised by motion pursuant to Rule 12(b)(2)–(b)(5): lack of jurisdiction over the person; improper venue; insufficiency of process; or insufficiency of service of process. When a defendant initially files a motion that is not based upon these Rule 12(b) defenses, it is not barred from filing a later motion under Rule 12(b). See Aetna Life Ins. Co. v. Alla Medical Services, Inc., 855 F.2d 1470, 1475 (9th Cir. 1988) (motion to stay federal civil action due to pending state court litigation was not based upon Rule 12(b) and thus did not preclude a subsequent motion to dismiss under Rule 12(b)); AFN, Inc. v. Schlott, Inc., 798 F. Supp. 219, 222 (D.N.J. 1992) (same); Catalano v. BRI, Inc., 724 F. Supp. 1580, 1583 (E.D. Mich. 1989) (motion to transfer venue due to convenience of the parties is not within the scope of Rule 12(g)).

Accordingly, in Continental Casualty Co. v. Marsh, 2002 WL 31870531 (N.D. Ill. 2002), the district court held that a motion to abstain under the Colorado River Doctrine did not bar a subsequent motion to dismiss for lack of personal jurisdiction under Rule 12(b)(2):

---

[8]This treatise also states that consolidation under Rule 12(g) also includes motions under Rules 12(e) and (f). Id., §12.21 at 12-25.

> The Court believes that a motion for abstention, however labeled, is not a Rule 12 motion for purposes of the Rule's waiver provisions. A motion for abstention seeks to have the court refrain from exercising jurisdiction during the pendency of a similar state court action based on principles of comity and federalism. . . . This is not a defense contemplated by Rule 12 and, thus, it does not give rise to a waiver under Rule 12(h). . . .
>
> Of course, parties may choose to raise Rule 12 defenses along with their abstention challenges and, as a result, may waive any unasserted defenses pursuant to Rule 12(g) and (h). . . . But such joinder is not required by Rule 12 and where, as here, the motion is strictly one for abstention, waiver does not apply.

Id., at *3 (citations omitted).

Here, Mrs. Diloreto's abstention motion was based upon section 305 of the Bankruptcy Code. Her recusal motion was based upon 28 U.S.C. § 455(a). Neither motion was based upon Rule 12(b), and each motion was limited to one issue. Thus, the putative debtor did not waive her right to seek dismissal for lack of personal jurisdiction.

An appropriate order dismissing this involuntary petition shall be entered.[9]

[9] The motion to transfer venue shall be dismissed as moot.

UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re | : | Chapter 7 |
| JEANNE S. DILORETO | : | |
| Debtor | : | Bankruptcy No. 07-15413bf |

.................................................

ORDER

.................................................

AND NOW, this 11th day of January 2008, for the reasons stated in the accompanying memorandum, it is hereby ordered that the putative debtor's motion to dismiss the involuntary petition for lack of personal jurisdiction is granted. The putative debtor's motion to transfer venue is dismissed as moot.

BRUCE FOX
United States Bankruptcy Judge

copies to:

Kenneth E. Aaron, Esquire
Weir & Partners, LLP
1339 Chestnur Street, Suite 500
The Widener Building
Philadelphia, PA 19107

Albert A. Ciardi, III, Esquire
One Commerce Square, Suite 1930
2005 Market Street
Philadelphia, PA 19103